JOURNAL ENTRY and OPINION
{¶ 1} Glenn Kitchen appeals from a judgment of the common pleas court denying his motion to suppress evidence that he possessed cocaine and from its imposition of a six-month sentence on his conviction of that charge. Kitchen claims that police lacked probable cause to arrest him, and he also asserts the court failed to make the necessary statutory findings to justify imposing a term of incarceration for a fifth degree felony offense. After a careful review of the record, we have concluded that the court properly denied the motion to suppress but erred in imposing a six-month prison sentence without making the requisite statutory findings. Therefore, we affirm the judgment of conviction but vacate the sentence and remand the matter to the trial court for re-sentencing.
{¶ 2} The record here reflects that on August 21, 2000, Cleveland Police Officer James Simone attempted to stop a van with a missing back window. Instead of pulling over, the driver of the van sped off westbound on Bridge Avenue fleeing from Officer Simone and engaged in a high-speed chase, reaching speeds of 90 mph and ignoring all traffic signals. The van eventually crashed into a guardrail and a house at Bridge and West 69th Street; at this point, the driver exited the van and fled on foot. Simone then ordered Kitchen, a passenger, to exit the van; he then handcuffed Kitchen and, after briefly questioning him as to the driver's identity, told Kitchen, "You are under arrest," and placed him in the back seat of the police car.
{¶ 3} Several other police officers then arrived at the scene and conducted an inventory search of the abandoned van. When they observed what appeared to be cocaine in the van, Officer Simone told Kitchen that he was under arrest for violating drug laws and read him his Miranda
rights. He then transported Kitchen to the police station for booking and found a crack pipe on his person.
{¶ 4} Kitchen was subsequently indicted for possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree, as a result of the residue found inside the crack pipe. Kitchen filed a motion to suppress this evidence claiming that the police had no probable cause to arrest him and arguing that the evidence obtained incident to his arrest should be inadmissible.
{¶ 5} At the hearing on the motion to suppress, Officer Simone described how he detained Kitchen immediately after the high-speed chase and how he arrested Kitchen after police found what they suspected to be cocaine in the van. The trial court found that the presence of the suspected cocaine in the van provided probable cause to arrest Kitchen and therefore denied the motion to suppress.
{¶ 6} Kitchen subsequently entered a plea of no contest; the court accepted his plea, found him guilty of possession of drugs, and sentenced him to a six-month term of incarceration at the Lorain Correctional Facility, suspending his driver's license for a period of one year.
{¶ 7} Kitchen now appeals, challenging the court's denial of his motion to suppress and its failure to comply with R.C. 2929.13(B) in his sentencing. His first assignment of error states:
 {¶ 8} THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS WHEN THERE WAS NO PROBABLE CAUSE TO ARREST.
{¶ 9} Kitchen contends that the court erred in denying his motion to suppress. Specifically, he contends that the officer lacked probable cause to arrest him immediately after he exited the van, and he claims, therefore, the evidence regarding the crack pipe subsequently found on his person should be suppressed. The state maintains that the arresting officer found what he suspected to be drugs in the van and, therefore, probable cause existed to justify Kitchen's arrest. The issue for our resolution concerns whether the court properly denied Kitchen's motion to suppress.
{¶ 10} At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact. See Statev. Smith (1991), 61 Ohio St.3d 284, 288, 574 N.E.2d 510. Thus, we accept the factual determinations of the trial court, provided, however, they are supported by competent and credible evidence. See State v. Bryson
(2001), 142 Ohio App.3d 397, 401, 755 N.E.2d 964.
{¶ 11} "An arrest without a warrant is constitutionally invalid unless the arresting officer had probable cause to make it at that time."State v. Timson (1974), 38 Ohio St.2d 122, 311 N.E.2d 16, at paragraph one of the syllabus. "To have probable cause, the arresting officer must have sufficient information derived from a reasonably trustworthy source to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused." Id.
{¶ 12} Moreover, as the United States Supreme Court instructed inOrnelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, determinations of probable cause involve, first, a determination of historical facts and, second, a decision on the mixed question of law and fact as to whether the historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Furthermore, the court held that an appellate court reviews findings of historical fact for clear error only, while it reviews the ultimate questions of probable cause de novo.
{¶ 13} Here, the record contains a videotape of the high-speed chase and the subsequent detention of Kitchen. It also reflects that the court made a factual finding that the police discovered what appeared to be cocaine after detaining Kitchen. As the evaluation of evidence and the credibility of witnesses at a suppression hearing are issues for the trier of fact, we will not substitute our judgment for that of the trial court nor disturb its factual findings, provided they are supported by competent and credible evidence, here consisting of Officer Simone's testimony.
{¶ 14} Given the factual findings and the circumstances surrounding the high-speed chase, our independent review of the record indicates that a prudent individual would believe that Kitchen possessed drugs and, therefore, this belief justified his arrest.
{¶ 15} Because Kitchen's arrest meets appropriate legal standards and the police found the cocaine residue forming the basis of the drug charge in a search incident to the arrest, we conclude that the court properly denied his motion to suppress and therefore overrule this assignment of error.
{¶ 16} Kitchen's second assignment of error states:
 {¶ 17} THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM FOR A SINGLE FIFTH-DEGREE FELONY WHEN NONE OF THE FACTORS ENUMERATED IN R.C. 2929.13(B)(1) APPLIED TO THE DEFENDANT, AND THE ALTERNATIVE FINDINGS JUSTIFYING A PRISON TERM WERE NOT MADE.
{¶ 18} Kitchen contends that the court found him unamenable to community control sanctions and therefore sentenced him to six months' incarceration without making requisite findings regarding the factors enumerated in R.C. 2929.13(B)(1) and R.C. 2929.12. The state contends that the statute permits the court to consider other factors than those listed in the statute and, therefore, it contends the court did not err in sentencing Kitchen.
{¶ 19} R.C. 2929.13(B) governs the sentencing for a felony of the fourth or fifth degree. Division (B)(1) states, in pertinent part:
 {¶ 20} Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 21} (a) In committing the offense, the offender caused physical harm to a person.
 {¶ 22} (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 23} (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
{¶ 24} * * *
 {¶ 25} (g) The offender previously served a prison term.
 {¶ 26} (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 27} (i) The offender committed the offense while in possession of a firearm. (Emphasis added.)
{¶ 28} Furthermore, division (B)(2) of R.C. 2929.13 prescribes when a court, in sentencing for a fourth or fifth degree felony, should impose community control sanctions and when a prison term is mandated. It provides:
 {¶ 29} (2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 30} (b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender. (Emphasis added.)
{¶ 31} Finally, R.C. 2953.08 provides, in pertinent part:
 {¶ 32} (G)(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, * * * relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A)[1], (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings. (Emphasis added.)
{¶ 33} Here, the record reflects that Kitchen failed to appear at the probation department on several occasions to assist in the preparation of the presentence investigation report. The record further reveals that the court imposed a six-month term of incarceration based solely on this fact, stating the following on the record:
 {¶ 34} * * * but for some reason you can't show up for a simple presentence investigation report. Because of that I find that you would not be a good candidate for community control. If you can't show up to the interview, you won't be able to comply with the conditions that I set.
{¶ 35} Our review of R.C. 2929.13(B)(2)(a) indicates that this finding, by itself, does not justify imposition of a prison term; in order for a sentencing court to impose a prison term for a felony of the fourth or fifth degree, the statute requires that the court to make findings from among the enumerated factors in R.C. 2929.13(B)(1) and then make a finding that the offender is not amenable to community control sanction after its consideration of the seriousness and recidivism factors listed in R.C. 2929.12. The court here neither considered the pertinent factors nor made the required findings; rather, the court based its decision solely on the fact of Kitchen's repeated failure to appear for his scheduled presentence investigation report appointments. Although R.C. 2929.12 permits a court to consider "any other relevant factors," we note these factors must go to the defendant's likelihood to commit future crimes, see R.C. 2929.12(D) and (E), whereas Kitchen's failure to comply with court-ordered participation in the presentence report does pertain to the recidivism factor.
{¶ 36} Thus, our review of the record indicates the court erred in sentencing Kitchen to six-month incarceration without making proper findings in compliance with 2929.13(B)(2)(a). We therefore sustain this assignment of error and remand this case to the trial court with instructions to make the required findings. See R.C. 2953.08(G)(1).
Judgment affirmed. Matter remanded for re-sentencing.
This cause is affirmed as to the judgment of conviction but reversed and remanded to the lower court for re-sentencing and further proceedings consistent with this opinion.
It is, therefore, considered that said appellant and said appellee share equally in the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and PATRICIA A. BLACKMON, J. CONCUR
[1] R.C. 2953.08(A) provides that a defendant who is convicted of a felony of the fourth or fifth degree may appeal his sentence when the sentence is subject to R.C. 2929.13(B) and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) to apply.